IN THE UNITED STATES DISTRICT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

**DENNIS LOGGINS**

    **Plaintiff,**

v.                                        **CASE NO: 2:22-cv-02026-TLP-tmp**

**COSTCO WHOLESALE CORPORATION,**

**d/b/a/ "COSTCO"**

    Defendant.                                        **JURY DEMANDED**

## AMENDED COMPLAINT

Comes Now, Plaintiff, Dennis Loggins, by and through the undersigned attorney and files his Complaint against the above-named Defendants on the following grounds:

I.

### INTRODUCTION

This is a civil rights action brough pursuant to 42 U.S.C. §2000e et seq. (Title VII of the Civil Rights Act of 1964 as amended), Age Discrimination In Employment Act (ADEA, as amended), 42 U.S.C. §1981, pursuant to the Fourteenth Amendment to the United States Constitution, and to recover equitable relief on behalf of the plaintiff and against the Defendant for the unlawful employment practices that the Plaintiff has been subjected to on the basis of his race, age and for retaliation. This is an action for declaratory, injunctive, and equitable relief as well as for monetary damages to redress Defendant's unlawful employment

1

practices of discrimination and retaliation against the Plaintiff in violation of 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981and Age Discrimination in Employment Act (ADEA, as amended).

II.

JURISDICTION

1. Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §1331, 1343, 1391, 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981.

III.

VENUE

2. Defendant, COSTCO WHOLESALE CORPORATION, operates its business in Memphis, Tennessee within the Western District of Tennessee at all times pertinent to this cause of action. All actions by Defendants alleged herein occurred within the Western District of Tennessee. Venue in this district is proper for the Defendant pursuant to 28 U.S.C. §1391 (b) (c).

IV.

PARTIES

3. The Plaintiff, Dennis Loggins, is an African American male citizen of the United States, over the age of 40, who is a resident citizen of DeSoto County, Mississippi.

4. Defendant COSTCO WHOLESALE CORPORATION (herein after referred to as ("COSTCO"), is a duly authorized corporation under the laws of the State of Washington with its principal office located at 999 Lake Dr., Ste 200, Issaquah, Washington, and was conducting business in Memphis, Shelby County, Tennessee at 3775 Hacks Cross Road, Memphis, TN 38112, at all times pertinent to this cause of action; and which may be reached with service of process by serving its Registered Agent: CT Corporation System 300 Montvue

Rd., Knoxville, TN 37919-5546.

V.

STATEMENT OF FACTS

5. The Plaintiff had been employed with COSTCO WHOLESALE CORPORATION since December 16, 2014, as a bakery manager and was demoted in 2015 to the baker position.

6. The Plaintiff was more than 40 years of age at all times pertinent to this cause of action.

7. The Plaintiff was demoted with the Defendant, COSTCO as a baker in 2015 in Memphis, Tennessee.

8. The Plaintiff applied for a position in Loss prevention in 2020 by providing management with a letter of intent.

9. The Plaintiff was advised that he did not meet the requisite qualifications for the position in Loss prevention.

10. That the Defendant filled the position in loss prevention with a Caucasian person that was less qualified.

11. In March of 2021, the Plaintiff applied for the position as Bakery Manager with a letter of intent and his resume to Stefan Mannsbart, the General Manager.

12. In March of 2021, the Plaintiff applied for the position as Bakery Supervisor with a letter of intent and resume to Stefan Mannsbart, the General Manager.

13. The Plaintiff had over 40 years of bakery experience when he applied for the position of Bakery Manager and Bakery Supervisor.

14. In April of 2021, Stefan Mannsbart, the General Manager summoned the

Plaintiff to his office and gave him a counseling notice indicating that he was being disciplined because he had discouraged employees in the bakery to cooperate with any person that would be selected as the Bakery Manager.

15. The General Manager failed and refused to conduct a thorough investigation of the allegation that the Plaintiff discouraged employees in the bakery to cooperate with any person that would be selected as the Bakery Manager.

16. The Defendant's General Manager in April of 2021, said to the Plaintiff that he was being moved out of his position as a baker because the applicant that received the position as bakery manager had stated that the Plaintiff told her that she should not cooperate with the person selected as the Bakery Manager.

17. The Plaintiff informed the Defendant's General Manager that he had telephone records to prove that the individual selected as the bakery manager was falsifying information about him telling her on April 9, 2021, that she should not cooperate with the person that would be selected as Bakery Manager, but the General Manager did not want to see any of the records.

18. The Plaintiff had previously protested to Stefan Mannsbart that he had received discriminatory treatment based on his race (Black) when a Caucasian manager in the bakery was allowed to have out of date products, but not disciplined as the Plaintiff had been when he was demoted from bakery manager.

19. The Defendant ignored the Plaintiff's proof that he has never had any conversation with any potential candidate for the Bakery Manager position or any other employee about not cooperating with the individual that was selected for the position as Bakery Manager.

20. The Defendant's General Manager, Stefan Mannsbart, gave the Plaintiff a permanent counseling notice on April 28, 2021, and told him that he was prohibited from applying for the position of Bakery Manager and Bakery Supervisor; and he was told that he could not be considered for a transfer outside of the State of Tennessee to any other COSTCO facility because he had a permanent counseling notice.

21. That the Bakery Manager position was filled by an individual who was female and less qualified than the Plaintiff.

22. The Bakery Supervisor was filled by a Caucasian female who was less than 40 years of age with no experience in the bakery.

23. Defendant's General Manager moved the Plaintiff out of his bakery position on or about April 28, 2021, into a position of cashier assistant.

24. Plaintiff protested that he was being moved out of the bakery in retaliation for his insistence that he was being discriminated based on his race and age.

25. Plaintiff was constantly being told by the Assistant Warehouse manager that he should retire and join her husband in retirement.

26. Plaintiff filed a charge of discrimination with U.S. Equal Opportunity Commission on July 17, 2021, alleging that he was being discriminated on the basis of his race and age and being retaliated against for protesting discriminatory treatment in violation of Title VII of the Civil Rights of 1964, amended, attached hereto as Exhibit "1" and incorporated herein as though set forth word for word herein.

27. The U.S. Equal Opportunity Commission issued to the Plaintiff a Notice of Right to sue on October 28, 2021, attached hereto as Exhibit "2", and incorporated herein as through set forth word for word herein.

28. On January 11, 2022, the Defendant's General Manager called the Plaintiff off his position into his office and told him that he was aware that he had filed a discrimination charge against him, but he wanted the Plaintiff to know that he was not moved from his position in the bakery because of a false report by another employee but Corporate did not want him to discuss with the Plaintiff the reason he was moved from his position in the bakery.

## VI.

### DISCRIMINATION PURSUANT TO 42 U.S.C. § 2000e *et seq. and 42 U.S.0 § 1981*

29. That Plaintiff re-alleges paragraphs numbered 1 through 28 as through set forth word for word herein.

30. That Defendant discrimination against the Plaintiff on the basis of race when he was not selected for the positions in loss prevention in 2020 in violation of 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981.

31. That Defendant discriminated against the Plaintiff on the basis of race when he was prohibited from being considered for the position of Bakery Manager in violation of 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981.

32. That Defendant discriminated against the Plaintiff on the basis of race when he was not selected for the position of Bakery Supervisor and a Caucasian was selected for the position who was less qualified in violation of 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981.

33. Alternatively, Defendant discriminated against the Plaintiff on the basis of race when Defendant manager refused to consider his letter of intent to apply for the position of

Case 2:22-cv-02026-TLP-tmp   Document 15   Filed 03/24/22   Page 7 of 15   PageID 119

Bakery Manager and Bakery Supervisor in violation of 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981.

34. Defendant discriminated against the Plaintiff on the basis of his race and age when a Caucasian female under the age of 40 was selected for the position of Bakery Supervisor who was less qualified than the Plaintiff.

35. But for Plaintiff's race, African American, he would have been selected for the position of Bakery Manager and Bakery Supervisor.

36. Defendant discriminated against the Plaintiff on the basis of his race and age when he was demoted to the position of Cashier Assistant and was refused proper training in the cashier position.

37. But for Plaintiffs race, African American, he would not have been demoted to the position of Cashier Assistant and refused proper training.

38. That the Plaintiff was deprived of benefits of his employment in terms of his earnings when he was non selected for the position of Bakery Manager and Bakery Supervisor.

39. That Plaintiff was deprived of benefits of his employment in terms of his earnings when he was taken out of the bakery and placed in the position of Cashier Assistant.

## VII.

### DISCRIMINATION PURSUANT TO 29 U.S.C. § 621 *et seq.*

40. That Plaintiff re-alleges paragraphs numbered 1 through 39 though set forth word for word herein.

41. That Plaintiff was discriminated against by the Defendant pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*

7

42. That Plaintiff was age 59 when he applied for the position of Bakery Manager and Bakery Supervisor in March of 2021.

43. That the Plaintiff was qualified for the positions of Bakery Manager and Bakery Supervisor with over 40 years of experience working as a baker.

44. That the Plaintiff was discriminated on the basis of his age when a Caucasian female under 40 was selected for the position of Bakery Supervisor that was less qualified than the Plaintiff.

45. That the Defendant could not articulate a legitimate nondiscriminatory reason for this adverse employment action that deprived the Plaintiff of an increase in earnings and other benefits and privileges of employment.

46. That the Assistant Warehouse manager who had made comments about the Plaintiff being too old and needed to retire influenced the decision that the Plaintiff not be selected as the Bakery Manager and the Bakery Supervisor.

**47.** That Plaintiff was moved from his position as a baker and was replaced by a younger worker in violation of his rights to be free from discrimination based on his race.

## VIII.

## RETALIATION

48. That Plaintiff re-alleges paragraphs 1 through 47 as though set forth word for word herein.

49. That Defendant retaliated against the Plaintiff on the basis of his race in failing to conduct a thorough investigation of the allegation that the Plaintiff discouraged co-workers from cooperating with the new Bakery Manager in violation of 42 U.S.C. § 2000e et seq. and

42 U.S.C. §1981.

50. That Defendant retaliated against the Plaintiff on the basis of his race for filing prior complaints of discrimination as set forth in his Charge of Discrimination filed with the EEOC in violation of 42 U.S.C.§ 2000e *et seq.* and 42 U.S.C. § 1981.

51. That Defendant retaliated against the Plaintiff in the non-selection of the Plaintiff for the position of Bakery Manager and Bakery Supervisor in violation of 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981 for protesting discriminatory treatment based on race.

52. That Defendant retaliated against the Plaintiff by taking him out of the bakery and demoting him to the position of Assistant Cashier on the basis of race in violation of 42 U.S.C. § 2000e *et seq. and U.S.C. §* 1981 for protesting discriminatory treatment based on race.

53. That Defendant retaliated against the Plaintiff by moving him out of the bakery for protesting discriminatory treatment based on race in violation of 42 U.S.C. § 2000e *et seq.* 42 U.S.C. § 1981.

54. That but for the Plaintiff's race, African American, the Defendant would not have retaliated against him as set forth in paragraphs 48 through 53 in violation of 42 U.S.C. § 1981.

55. That the Defendant retaliated against the Plaintiff on the basis of his age as set forth in paragraphs 48 through 53 for protesting discriminatory treatment in the past.

56. The Plaintiff has met the statutory requirements of filing this complaint within ninety (90) days after receiving the "Dismissal and Notice of Right" letter.

57. That Plaintiff demands a jury trial.

IX.

DAMAGES

58. As a direct and proximate cause of the Defendant's discriminatory conduct, in violation of 42 U.S.C. §2000e *et seq.* (Title VII of the Civil Rights Act of 1964, as amended), 42 U.S.C. §1981, and the Fourteenth Amendment to the United States Constitution, the Plaintiff has suffered and continues to suffer a loss of pay benefits and prestige.

59. As a direct and proximate cause of the Defendant's discriminatory conduct in violation of 42 U.S.C. §2000e *et seq.* (Title VII of the Civil Rights Act of 1964, as amended), 42 U.S.C. §1981, and the Fourteenth Amendment to the United States Constitution, the Plaintiff has suffered and continues to suffer mental and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain, and suffering.

60. As a direct and proximate cause of the Defendant's discriminatory conduct in violation of 29 U.S.C. §621 the Plaintiff has suffered and continues to suffer a loss of pay benefits and prestige.

61. As a direct and proximate cause of the Defendant's discriminatory conduct in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, the Plaintiff has suffered and continues to suffer mental and emotional distress, including but not limited to depression humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain, and suffering.

62. That the acts of Costco by and through its management-employees have been intentional, willful, and Plaintiff should therefore be entitled to an award of punitive damages.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays for the following

relief:

1. Judgment against the Defendant in the sum of $500,000.00 for al relief available to him, including back pay, front pay, and all other employment benefits, if any under 42 U.S.C. §2000e, *et seq.,* including compensatory and punitive damages and including prejudgment interest.

2. Judgment against Defendant for 1,500,000.00 and any and all relief available to Plaintiff for violation of 42 U.S.C. §1981, including compensatory and punitive damages and including prejudgment interest.

3. Judgment against Defendant in the sum of $500,000.00, and any and all relief available to Plaintiff for violation of the ADEA, under 29 U.S.C. §626(b).

4. Injunctive and declaratory relief, prohibiting Defendant from further violations of Title VII and 42 U.S.C. §1981, including any further acts of retaliation, and finding that Defendant has violated Title VII and 42 U.S.C. §1981; and further for violation of the ADEA, 29 U.S.C. §626(b).

5. All other relief, legal and equitable to which Plaintiff may be entitled in the premises;

6. Award of attorney's fees and all court costs, including discretionary costs; and

7. 7. Jury demand.

Respectfully submitted,

s/Sheila F. Campbell
Sheila F. Campbell, ARK#83239
Attorney at Law
2510 Percy Machin
North Little Rock, AR 72114
(501) 374-0700 (telephone)
(501) 372-5375(fax)
campbl@sbcglobal.net

## CERTIFICATE OF SERVICE

I, Sheila F. Campbell, hereby certify that I have served a copy of the foregoing Amended Complaint on the following attorney or record through the electronic filing system of the Court on this 24th day of March, 2022:

Geoffrey A. Lindley
**RAINEY, KIZER, REVIERE & BELL, PLC**
209 East Main Street
Jackson, Tennessee 38301

John T. Murray
**SEYFARTH SHAW LLP**
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia  30309-3958

s/Sheila F. Campbell
Sheila F. Campbell

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA  [X] EEOC | 490-2021-01318 |

Tennessee Human Rights Commission and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Dennis E. Loggins | (201) 306-5359 | 1961 |

Street Address: 3957 Cobblewood Drive, Southaven, MS 38672

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| COSTCO | 15 - 100 | (901) 214-0057 |

Street Address: 3775 HACKS CROSS RD, Memphis, TN 38125

DISCRIMINATION BASED ON (Check appropriate box(es).)

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [X] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04-12-2021  Latest: 04-28-2021
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On December 16, 2014, I began working for the above name employer in the Baker Manager position. In 2015, I was demoted to the lead baker position.

In August 2020, I applied for the Loss Prevention position, but I was not selected for the position. In March 2021, I applied for the Bakery Manager position, but I was not selected for the position. In March 2021, Petula Fordyce, suggested I retire because I was too old to do the job. On April 28, 2021, I was given an employee counseling notice and informed I would not be hired in the Baker Manager position.

I believe I was discriminated against because of my race (Black); age (59) and retaliated against for filing previous EEOC Charges (490-2019-01470; 490-2019-03354) in violation of Title VII of the Civil Rights Act of 1964, as amended; and in violation of the Age Discrimination in Employment Act (ADEA), as amended.

Continued on next page

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

7/17/21 /s/ Dennis Loggins
Date  Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT /s/ Dennis Loggins

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EXHIBIT "1"

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>490-2021-01318 |
|---|---|---|

Tennessee Human Rights Commission and EEOC
*State or local Agency, if any*

**************AMENDED CHARGE PARTICULARS************************

On April 12, 2021, I was demoted from the Lead Baker position to the Cashier Assistant position based on false allegations and on April 28, 2021, I received a verbal counseling which prohibited me from applying for the Bakery Supervisor position. In addition, my requests for training in the cashier position have been denied.

I am aware a younger white female was selected for the Bakery Supervisor position.

I believe I was discriminated against because of my race (Black); age (59) and retaliated against for filing previous EEOC Charges (490-2019-01470; 490-2019-03354) in violation of Title VII of the Civil Rights Act of 1964, as amended; and in violation of the Age Discrimination in Employment Act (ADEA), as amended.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

9/17/21
Date — Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EEOC Form 161 (11/2020)        **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Dennis E. Loggins
3957 Cobblewood Drive
Southaven, MS 38672

From: Memphis District Office
1407 Union Avenue
Suite 900
Memphis, TN 38104

[ ]  On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 490-2021-01318 | Julienne G. Smith, Investigator | (901) 685-4633 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Karan R. Johnson*          October 28, 2021

for  **Edmond Sims,**
**Acting District Director**

(Date Issued)

Enclosures(s)

cc:
Bailey G. Green
Associate
Seyfarth Shaw, LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta Georiga 30309-3958

Shelia F. Campbell, Esq.
LAW OFFICES OF SHIELA CAMPBELL, P.A.
P. O. Box 939
North Little Rock, AR 72115



EXHIBIT 2