**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| DENNIS LOGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:22-cv-02026-TLP-tmp |
| v. | ) | |
| | ) | JURY DEMAND |
| COSTCO WHOLESALE CORPORATION | ) | |
| d/b/a Costco, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE
STATEMENT**

Defendant Costco Wholesale Corporation ("Costco") moves to dismiss the amended

complaint under Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 17.)  Defendant

alternatively moves for a more definite statement under Federal Rule of Civil Procedure 12(e).

(ECF No. 17-1 at PageID 135.)  Plaintiff Dennis E. Loggins responded.  (ECF No. 20.)  And

Defendant replied.  (ECF No. 22.)  For the reasons below, the Court **DENIES** Defendant's

motions without prejudice.

## BACKGROUND

Plaintiff sued Costco for employment discrimination in January 2022.  (ECF No. 1.)

Plaintiff's amended complaint asserts claims for race discrimination under Title VII of the Civil

Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981, age discrimination under the Age

Discrimination in Employment Act of 1967 ("ADEA"), and retaliation under Title VII, § 1981,

and the ADEA.  (ECF No. 15 at PageID 118–21.)

Plaintiff began working for Costco as a bakery employee in December 2014.  (*Id.* at PageID 115.)  In 2020, Plaintiff applied for a loss prevention position with Defendant sending management a letter of intent.  (*Id.*)  Defendant informed Plaintiff, who is African American, that he did not qualify for the position.  (*Id.*)  But according to the complaint, Defendant later filled the role with a less qualified white employee.  (*Id.*)  In March 2021, Plaintiff applied for Bakery Supervisor and Bakery Manager positions by submitting letters of intent to Defendant's General Manager, Stefan Mannsbart.  (*Id.*)  Plaintiff, who at 59 years old had over 40 years of bakery experience, received neither position.  (*Id.* at PageID 116, 120.)

In April 2021, Mannsbart "gave [Plaintiff] a counseling notice indicating that [Plaintiff] was being disciplined because he had discouraged employees in the bakery to cooperate with any person that would be selected as the Bakery Manager."  (*Id.* at PageID 115–16.)  Plaintiff alleges that another employee made false reports about Plaintiff telling other employees not to cooperate with management if Plaintiff did not receive the promotion.  (*Id.* at PageID 116.)  Plaintiff also alleges that Mannsbart refused to investigate thoroughly whether the reports were false or to listen Plaintiff's side of the story.  (*Id.*)

Later that month, Defendant moved Plaintiff out of his baker position and gave him a permanent counseling notice.  (*Id.*)  Mannsbart told Plaintiff that the permanent counseling notice meant Plaintiff could not apply for the Bakery Manager of Bakery Supervisor positions or transfer to a Costco facility in another state.  (*Id.* at PageID 117.)  Defendant then filled the Bakery Manager position with a less qualified employee.  (*Id.*)  And Defendant filled the Bakery Supervisor position with a white employee under the age of forty with no bakery experience. (*Id.*)  Meanwhile, Defendant moved Plaintiff to a cashier assistant position.  (*Id.*)  Plaintiff also

alleges that an assistant warehouse manager "constantly . . . told [Plaintiff] that he should retire." (*Id.*)

Plaintiff alleges that he protested his removal from the bakery position as retaliation for reporting age and race discrimination.  (*Id.*)  According to the complaint, Defendant previously employed Plaintiff as a bakery manager before demoting him in 2015 for storing out of date products.  (*Id.* at PageID 115–16.)  Plaintiff alleges that after his 2015 demotion, he reported race discrimination to Mannsbart because a white bakery manager received no discipline for having out of date products.  (*Id.* at PageID 116.)  Plaintiff also filed discrimination charges with the EEOC after his 2015 demotion, alleging race and age discrimination.  (*Id.* at PageID 121, 125.) In July 2021, Plaintiff filed new EEOC charges alleging race and age discrimination, as well as retaliation referring to his earlier EEOC charges.  (*Id.* at PageID 125.)  The EEOC issued a right to sue letter in October 2021.  (*Id.* at PageID 127.)

Plaintiff claims here that Defendant discriminated against him based on his race in violation of Title VII and § 1981 by not selecting him for the loss prevention position in 2020 or the Bakery Manager and Bakery Supervisor positions in April 2021.  (*Id.* at PageID 118.) Plaintiff also asserts that Defendant discriminated against him based on his age in violation of the ADEA by not selecting him for the Bakery Supervisor position.  (*Id.* at PageID 119–20.) What is more, Plaintiff contends that Defendant violated Title VII, § 1981, and the ADEA by demoting him to the cashier assistant position.  (*Id.* at PageID 119.)  Lastly, Plaintiff asserts that Defendant retaliated against him by (1) failing to investigate false reports about Plaintiff discouraging his coworkers from cooperating with management, (2) not selecting him for the Bakery Manager and Bakery Supervisor positions, and (3) demoting him to the assistant cashier

position. (*Id.* at PageID 120–21.)  The Court now turns to Defendant's motions to dismiss or for more definite statement.

## **LEGAL STANDARDS**

Courts assess whether a complaint states a claim upon which relief can be granted under the standards for Rule 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Golf Vill. North, LLC v. City of Powell*, 14 F.4th 611, 617 (6th Cir. 2021).  "And a claim is facially plausible if it allows courts 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Kenjoh Outdoor, LLC v. Marchbanks*, 23 F.4th 686, 692 (6th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 662).  In conducting this review, courts "construe the complaint in the light most favorable to the plaintiffs and draw all reasonable inferences in their favor."  *Golf Vill. North, LLC*, 14 F.4th at 617 (citing *Cahoo v. SAS Analytics Inc.*, 912 F.3d 887, 897 (6th Cir. 2019)).  But courts "need not accept as true legal conclusions or unwarranted factual inferences."  *Id.* (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).

A complaint has to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This Rule requires that a plaintiff "provide the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392–93 (6th Cir. 2020) (internal quotation marks omitted).  And when a plaintiff's complaint "is so vague or ambiguous that the party cannot reasonably prepare a response," Federal Rule of Civil Procedure 12(e) permits the defendant to move for a more definite statement.  *See* Fed. R. Civ. P. 12(e).  The defendant must

move for a more definite statement "before filing a responsive pleading," and the motion "must point out the defects complained of and the details desired." *Id.*

"When it is virtually impossible to know which factual allegations in a pleading are intended to support which claims for legal relief, a motion for a more definite statement is appropriate." *Bostic v. Davis*, No. 15-cv-3029, 2017 WL 784814, at *2 (S.D. Ohio Mar. 1, 2017) (citing *In re Laurel Valley Oil Co.*, No. 05–64330, 2012 WL 2603429, at *2 (N.D. Ohio, July 5, 2012)). But courts ultimately have discretion whether to grant a motion under Rule 12(e). *See Cobb v. Regions Bank*, No. 09–2806, 2010 WL 2010780, at *2 (W.D. Tenn. May 19, 2010).

## ANALYSIS

Defendant argues that Plaintiff's amended complaint constitutes a "shotgun pleading" and that it should be dismissed for failure to comply with Federal Rules of Civil Procedure 8(a)(2) and 10(b). (ECF No. 17-1 at PageID 139.) As stated above, Rule 8(a)(2) requires that a complaint have "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). And "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." *Id.*

To begin, the Court finds that Defendant's motion is properly construed as a motion for more definite statement under Rule 12(e) rather than a motion to dismiss under Rule 12(b)(6). Although Defendant cites Rule 12(b)(6) in its motion, it mainly cites cases applying Rule 12(e). *See Cobb*, 2010 WL 2010780, at *2; *see also Purvis v. Clarksville Montgomery Cnty. Cmty. Action Head Start*, No. 3:19-cv-1161, 2020 WL 4882498, at *7 (M.D. Tenn. Aug. 20, 2020),

*report and recommendation adopted*, 2020 WL 5335018, at *1 (M.D. Tenn. Sept. 4, 2020) (directing the plaintiff to file an amended complaint under Rule 12(e)).  What is more, Defendant does not assert that Plaintiff failed to allege the essential elements of his claims.  Indeed, Defendant does not even recite the legal standards or elements for race discrimination claims under Title VII or § 1981, age discrimination claims under the ADEA, or retaliation claims under any of the three statutes.

Invoking Rule 12(b)(6), Defendant argues that "[b]y grouping multiple cause[s] of action under a single count and incorporating all the preceding paragraphs into each count, Plaintiff's Amended Complaint is indecipherable and in contravention of . . . this Court's pleading standards."  (ECF No. 17-1 at PageID 141.)  But arguing that a complaint is "indecipherable" without challenging the sufficiency or plausibility of its allegations falls under Rule 12(e), not Rule 12(b)(6).  *See Cobb*, 2010 WL 2010780, at *3 ("Rule 12(e) exists to rectify complaints that are unintelligible or vague."); *see also Robinette v. Ohio Health Outreach Labs*, No. 2:16-CV-406, 2016 WL 5421001, at *2 (S.D. Ohio Feb. 29, 2016) ("[A] motion for more definite statement is designed to strike at unintelligibility rather than simple want of detail."  (internal quotation marks omitted)).  Indeed, courts often address whether a complaint violates Rule 10(b) in the context of motions under Rule 12(e).  *See*, *e.g.*, *Robinette*, 2016 WL 5421001, at *2–3; *see also Bostic*, 2017 WL 784814, at *2–3.

Whether or not Rule 12(b)(6) or Rule 12(e) applies, the Court finds that the complaint does not constitute an impermissible "shotgun pleading."  For starters, Plaintiff's amended complaint has numbered paragraphs as Rule 10(b) requires.  *See* Fed. R. Civ. P. 10(b).  And the complaint contains three numbered claims against a lone defendant.  The first is for race discrimination under Title VII and § 1981.  (ECF No. 15 at PageID 118.)  The second is for age

discrimination under the ADEA.  (*Id.* at PageID 119–20.)  And the third is for retaliation.  (*Id.* at PageID 120–21.)

Just because each count incorporates earlier factual allegations in the complaint does not violate Rule 10.  *See* Fed. R. Civ. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion.").  Also, here Plaintiff's claims relate to a lone defendant, while problems involving "shotgun pleading" typically arise in disputes involving multiple defendants.  *See*, *e.g.*, *Banks v. Bosch Rexroth Corp.*, No. 5:12–345–DCR, 2014 WL 868118, at *7 (E.D. Ky. Mar. 5, 2014).  It is not as if "[t]he pleading fails to provide notice regarding which specific defendant is liable for which count."  *Id.*

What is more, Plaintiff "connect[ed] specific facts or events with the various causes of action [he] asserted."  *See Lee*, 951 F.3d at 392–93 (internal quotation marks omitted).  Plaintiff alleges that Defendant discriminated against him based on his race in violation of Title VII and § 1981 by not selecting him for the loss prevention position in 2020 or the Bakery Manager and Bakery Supervisor positions in April 2021.  (ECF No. 15 at PageID 118.)  Plaintiff also asserts that Defendant discriminated against him based on his age in violation of the ADEA by not selecting him for the Bakery Supervisor position.  (*Id.* at PageID 119–20.)  What is more, Plaintiff contends that Defendant violated Title VII, § 1981, and the ADEA by demoting him to the cashier assistant position.  (*Id.* at PageID 119.)  Lastly, Plaintiff claims that Defendant retaliated against him for filing EEOC charges in the past alleging race and age discrimination by (1) failing to investigate false reports about Plaintiff discouraging his coworkers from cooperating with management, (2) by not selecting him for the Bakery Manager and Bakery

Supervisor positions, and (3) by demoting him to the assistant cashier position.  (*Id.* at PageID 120–21.)

At bottom, Plaintiff's complaint provides Defendant with "adequate notice of the claims against [it] and the grounds upon which each claim rests."  *See Lee*, 951 F.3d at 392–93.  The Court had little difficulty deciphering Plaintiff's claims.  And there is nothing so vague or ambiguous about the complaint that would preclude Defendant from reasonably moving forward with an answer.  *See* Fed. R. Civ. P. 12(e).  The Court therefore **DENIES** Defendant's motion to dismiss and motion for a more definite statement.

<u>**CONCLUSION**</u>

For the reasons explained above, the Court **DENIES** Defendant's motion to dismiss and motion for a more definite statement without prejudice.  The Court **DIRECTS** Defendant to answer the complaint or otherwise respond within 14 days from the entry of this order.

**SO ORDERED**, this 15th day of June, 2022.

  s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE