UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DENNIS LOGGINS,

        Plaintiff,

   v.

COSTCO WHOLESALE CORPORATION
d/b/a "COSTCO,"

        Defendant.

Case No. 2:22-cv-02026-TLP-tmp

**DEFENDANT COSTCO WHOLESALE CORPORATION'S
REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

In his Amended Complaint, Plaintiff Dennis Loggins appears to have challenged at least seven different alleged adverse employment actions under varying theories of race discrimination, age discrimination, and retaliation. Specifically, the alleged adverse actions to which he points are: (1) the denial of a posted opportunity for a Loss Prevention Clerk position; (2) denial of a promotion to Bakery Manager; (3) the denial of a promotion to Bakery Supervisor; (4) his involuntary transfer out of the Bakery from a Baker position to a Cashier position; (5) Costco's purported refusal to adequately investigate alleged false reports against plaintiff; (6) a denial of Cashier training; and (7) his demotion from Cashier to Cashier Assistant. Doc. 15. Costco addressed each of these alleged adverse actions in its Motion for Summary Judgment, demonstrating why each and every claim fails. Doc. 40-1.

In his response brief, Loggins has now apparently abandoned any claim as to Cashier training and the demotion to Cashier Assistant. *Brown v. VHS of MI, Inc.*, 545 F. App'x. 368, 372 (6th Cir. 20130) ("This Court's jurisprudence on abandonment of claims is clear: a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment."). He also appears to have abandoned any claim of race or age discrimination

with respect to the Bakery Manager position. And, although he continues to argue for the remaining claims, his effective admission of every paragraph of Costco's Statement of Undisputed Material Facts ("SOF") dooms each of these claims as well.[1]

With respect to the Loss Prevention position, Loggins has admitted that the opportunity would have represented a lateral move with no change in pay or benefits, so that the denial of that opportunity cannot constitute an adverse employment action. Doc 41-2, ¶ 21.[2] The Sixth Circuit is clear that "[i]n cases where the sought position is a lateral transfer, without additional material benefits or prestige, it would be improper to conclude that a denial of the transfer would be an adverse employment action." *Mitchell v. Vanderbilt University*, 389 F. 3d 177, 183 (6th Cir. 2004); *see also Policastro v. Northwest Airlines, Inc.*, 297 F.3d 535, 539 (6th Cir. 2002) ("Reassignments without changes in salary, benefits, title, or work hours usually do not constitute adverse employment actions").

Loggins has also conceded that his claims with respect to the Loss Prevention position are mostly time-barred because the decision was made more than a year before he filed his

---

[1] In his response, Loggins expressly admitted 36 of the 54 paragraphs of Costco's SOF (Paragraphs 1-4, 6-16, 18-19, 22-29, 31, 33, 38, 40, 44, 47-50, 53-54). He offered no response at all to Paragraph 21, and of the 17 remaining statements of fact that Loggins disputed or questioned, he either failed to cite to the record to support his denial as required under L.R. 56.1, cited to improper evidence that did not support his denial, or failed to deny the statement but then cited to irrelevant evidence. Doc. 41-2. "To show that a fact 'cannot be or is genuinely disputed,' each party must cite 'particular parts of materials in the record' or show that the materials cited by the other party do not establish the presence or absence of a genuine factual dispute." *Cowley v. Equifax Information Services, LLC*, No. 218CV02846TLPCGC, 2019 WL 4936036, at *1 (W.D. Tenn. Aug. 12, 2019). Although the court may consider other materials in the record, the court only has to consider the cited materials. *Id.* The law is clear, that "failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Humphrey v. Yobonta*, No.3:19-cv-00782, 2021 WL 780731, at *7 (M.D. Tenn. Mar. 1, 2021.)

[2] Because Loggins neglected to respond to Paragraph 21 of Costco's SOF, his responses to each of the Paragraphs after Paragraph 20, are misnumbered by one digit. Thus, Paragraph 21 of Plaintiff's Response actually corresponds to Paragraph 22 of Costco's SOF.

administrative charge. In Tennessee, a plaintiff must file an EEOC charge within 300 days of the alleged discriminatory act to pursue a claim under Title VII or the ADEA. *E.E.O.C. v. Skanska USA Bldg., Inc.,* 80 F.Supp.3d 766, 779 (W.D. Tenn. 2015). In his Response to Costco's SOF, Loggins conceded that he was interviewed and rejected for the Loss Prevention position no later than January 2020. Doc. 41-2, ¶¶ 14, 16. Since Loggins's Charge of discrimination was filed on May 18, 2021 – well over a year later – all of his discrimination and retaliation claims under Title VII and the ADEA are time-barred. *Speck v. City of Memphis*, 594, F.Supp.2d 905, 917 (W.D. Tenn. 2009) ("Discrete acts falling outside the 300-day filing period are time-barred even if they bear some relationship to acts for which a plaintiff has made a timely charge").

Further, he concedes that the Regional Loss Prevention Manager concluded after interviewing him that he was not a good fit for the position and shared his opinion with the General Manager, who, in turn relied on that opinion in deciding not to offer Loggins the job. Doc. 42-2, ¶¶ 19, 20. In response to Costco's legitimate non-discriminatory and non-retaliatory reasons, Loggins offers only his own opinions that he was qualified for the position and that "[t]here was no reason" that he should not have been given the position. Doc. 41-1 at 3-4. He fails to provide any evidence or even argument as to why Costco's reasons for not transferring him to the Loss Prevention position were pretextual. The Sixth Circuit is clear that an "unsupported contention does not create a question of fact regarding" whether or not an employer believes its non-discriminatory reason for its decision. *Wright v. Murray Guard, Inc.*, 455 F. 3d 702, 709 (6th Cir. 2006). As a result, Loggins's discrimination and retaliation claims with respect to the Loss Prevention position fail as a matter of law.

Finally, although he tries to argue that an equally or less qualified White applicant was selected over him, he has admitted that the job has only been offered to two individuals since 2018, both of whom were Black men over 50, with prior loss prevention and law enforcement experience.

Doc. 41-2, ¶ 26.

With respect to his retaliation claims in regard to the Bakery Manager position, Loggins argues only that there is a genuine issue of material fact as to whether Angela Tuggle, the Black female over 50 who ultimately got the job, lied about the conversation that contributed to his rejection and also resulted in his removal from the Bakery. Doc. 41-1 at 4. But this argument is a red herring. Regardless of whether Tuggle was telling the truth or lying, Costco has demonstrated that it reasonably believed her account and Loggins has offered no evidence contradicting that fact. Doc. 41-2, ¶ 41; *Wright*, 455 F.3d at 708 (6th Cir. 2006) (holding that an employer need only show that it reasonably relied on particularized facts before it). Perhaps more importantly, Loggins has admitted that Tuggle was promoted to the Bakery Manager position "due to her experience in the Bakery working closely under . . . the former Bakery Managers," and that he "was not considered a viable candidate because of his prior poor performance in the Bakery Manager role, his spotty performance as a Baker, and his history of difficulties getting along with coworkers and managers, as well as the recent events that had led management to remove him from the Bakery." Doc 41-2, ¶¶ 43, 44.[3]

With respect to the Bakery Supervisor position, Loggins argues that he has demonstrated the existence of a genuine issue of material fact because: (1) he placed a letter of intent on General Manager Mannsbart's desk, but was not interviewed; (2) the position was awarded to a Caucasian female under 40; (3) "at every step," Mannsbart has "prevented plaintiff from being promoted within the Company;" and (4) one of the interviewers for the position, Assistant General Manager Petula Fordyce, constantly told Loggins he should retire when he applied for the Bakery Manager

---

[3] Even were the Court to conclude that Loggins has not abandoned his claims of race and age discrimination with respect to the Bakery Manager position, those claims would still fail because Loggins cannot make out a *prima facie* case of discrimination, given that the position when to another African-American employee over 50. Doc. 41-2, ¶ 43.

4

job. Doc. 41-1 at 4-5. But, an employee must apply for a position in order bring a failure to promote claim. *Johnson v. Cargill, Inc.*, 932 F. Supp.2d 872, 887-88 (W.D. Tenn. 2013). Here, Loggins has not controverted Costco's evidence that he failed to submit an application to Fordyce as required in the posting.[4] *Hansbrough v. Titlemax of Tenn., Inc.*, 977 F.Supp.2d 859, 869-70 (W.D. Tenn. 2013) (denying failure to promote claim when plaintiff admitted she did not follow company's formal application procedures). Nor has he properly controverted Costco's evidence that he was not considered for the position because Fordyce was unaware of his interest and that the same considerations that led Costco to remove him from the Bakery would have also made him an unacceptable candidate for the Bakery Supervisor position, had he applied. Doc. 41-2, ¶¶ 51-52. Further, Loggins offers no evidentiary support for his contentions that Mannsbart has prevented him from being promoted "at every step," or that Britney Fisher, who was selected for the position, is Caucasian.[5]

Loggins seems to combine his arguments with respect to the alleged inadequacy of Costco's April 2021 investigation and his transfer out of the Bakery. Specifically, he contends in his response that he was meeting the qualifications and expectations of his Baker job when he was transferred out of the Bakery, that the decision was based on a false report that he had spread

---

[4] Loggins purports to dispute Paragraph 52 of Costco's SOF, but he improperly supports his denial by citing to his own testimony that he left his application materials on Mannsbart's desk. Doc. 41-2, ¶ 51. Regardless of whether this claim is true, it does not controvert the facts that the job posting clearly required him to give his application materials to Fordyce if he wished to apply for the position, and he failed to do so.

[5] Notably, it was Mannsbart who initially hired Loggins as a Bakery Manager. Doc. 41-2, ¶ 7. And Fisher testified without contradiction that she is a person of two or more races, including in part African-American ancestry. *Id.* ¶ 53. Although Loggins disputes Costco's evidence as to Fisher's racial identity, self-identification is the EEOC's preferred method of establishing racial identity. *Fagerstrom v City of Savannah*, 627 Fed.Appx 803, 806 n. 2 (11th Cir. 2015). In contrast, Loggins appears to base his challenge on only his own opinion, and the "EEOC itself discourages employers from visually identifying an individual by race." *EEOC v. Kaplan Higher Educ. Corp.*, 748 F.3d 749, 753 (6th Cir. 2014).

malicious gossip, and that the investigation uncovered no evidence of his having made any false statements. Doc. 41-1, at 4. As an initial matter, Loggins offers no response to Costco's argument that his lateral move to a different Service Clerk assignment constituted an adverse employment action because it did not materially alter his terms and conditions of employment. *Mitchell*, 389 F.3d at 183 (no adverse action when desired position offered same compensation and benefits); *Policastro*, 297 F.3d at 539 (same). In his response to Costco's SOF 43, Loggins admits that the Cashier Position and Baker position are both Service Clerk positions. Doc. 41-2, ¶ 42.[6] As a result, his transfer out of the Bakery was a lateral transfer and not an adverse employment action. Loggins is clear that he did not like the transfer, but "[a]n employee's subjective impressions as to the desirability of one position over another are not relevant" in determining if whether a transfer is an adverse action. *Id.* Since Loggins cannot demonstrate that he suffered an adverse action, his prima facie case of disparate treatment as it relates to his transfer fails as a matter of law. However, even assuming the move could be deemed an adverse employment action, Loggins has admitted that when interviewed by the investigator, he denied having any communications about the Bakery Manager posting with his former manager Nick Economou. Doc 41-2, ¶ 40.[7] And he also admitted that Economou contradicted this account in his interview, reporting that Loggins had sent him several text messages about the posting.[8] Finally, as with his argument regarding the Bakery Manager, Loggins fails to grasp that his arguments with respect to the truthfulness of Tuggle's complaint against him do nothing to undermine Costco's evidence that it believed her account and

---

[6] Loggins does not expressly admit or deny Paragraph 43 of Costco's Statement of Undisputed Facts which discusses the lateral nature of the reassignment, but instead merely points to extraneous evidence that neither confirms, nor rebuts Costco's evidence.

[7] Loggins actually denied Paragraph 41 of Costco's SOF, in which his interview with the investigator is discussed, but he cited to no record evidence as support for his dispute of these facts, so his response constitutes an admission. Doc. 41-2, ¶ 40.

[8] Loggins actually produced some of these text messages in discovery, a fact he also disputes without proper evidentiary support. Doc. 41-2, ¶ 45.

reasonably relied upon it in transferring him out of the Bakery. *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 398-99 (6th Cir. 2008) (granting summary judgment in favor of the employer when it "reasonably relied on the particularized facts before it" in deciding to terminate two employees after an investigation despite the employees' contention that investigation was discriminatory).

As for the alleged inadequacy of Costco's investigation, Loggins offers nothing but his own opinion that the investigation was deficient, which is not enough to create a genuine issue of material fact. *Wright*, 455 F. 3d at 709 ("conclusory allegations unsupported by any evidence . . . cannot create a genuine issue of material fact"). And this is especially true, given that the uncontroverted evidence plainly supports the conclusion that Loggins lied in the investigation. Doc. 41-2, ¶¶ 39-40, 45. Nor can he show that any deficiency in the investigation was a product of discriminatory or retaliatory animus as he cannot point to any similarly situated comparator outside of his protected groups who received a more thorough investigation in comparable circumstances. *Russell v. University of Toledo*, 537 F.3d 596, 604 (6th Cir. 2008) (holding that plaintiff failed to establish a *prima facie* case when there was "a stark absence of evidence" that proposed comparators engaged in similar conduct or where similarly situated). "The party opposing a motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trail." *Walker v. Eyke,* 417 Fed. Appx, 461, 463 (6th Cir. 2011). Accordingly, Loggins cannot demonstrate that the investigation into his actions was discriminatory or retaliatory.

I.  **CONCLUSION**

For all of these reasons, Costco is entitled to Summary Judgment as to all of Loggins' claims in this case.

**Dated:** July 5, 2023　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　COSTCO WHOLESALE CORPORATION


　　　　　　　　　　　　　　　　　　　　By: *John T. Murray*　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　John T. Murray
　　　　　　　　　　　　　　　　　　　　　　Georgia Bar No. 531998
　　　　　　　　　　　　　　　　　　　　　　jmurray@seyfarth.com
　　　　　　　　　　　　　　　　　　　　　　SEYFARTH SHAW LLP
　　　　　　　　　　　　　　　　　　　　　　1075 Peachtree Street, N.E., Suite 2500
　　　　　　　　　　　　　　　　　　　　　　Atlanta, Georgia 30309-3958
　　　　　　　　　　　　　　　　　　　　　　Telephone: (404) 885-1500
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (404) 892-7056

　　　　　　　　　　　　　　　　　　　　　　Geoffrey A. Lindley
　　　　　　　　　　　　　　　　　　　　　　Tennessee Bar No. 021574
　　　　　　　　　　　　　　　　　　　　　　*glindley@raineykizer.com*
　　　　　　　　　　　　　　　　　　　　　　RAINEY KIZER REVIERE & BELL PLC
　　　　　　　　　　　　　　　　　　　　　　209 East Main Street
　　　　　　　　　　　　　　　　　　　　　　Jackson, Tennessee 38301
　　　　　　　　　　　　　　　　　　　　　　Telephone: (731) 426-8138
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (731) 426-8150

　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　　COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | |
|---|---|
| DENNIS LOGGINS,<br><br>   Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION d/b/a "COSTCO,"<br><br>   Defendant. | Case No. 2:22-cv-02026-TLP-tmp |

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2023, I served the foregoing **Defendant Costco Wholesale Corporation's Reply in Support of Its Motion for Summary Judgment** via CM/ECF to the following attorney of record:

>Sheila F. Campbell
>Attorney at Law
>P.O. Box 929
>North Little Rock, Arkansas 72114
>campbl@sbcglobal.net

>*/s/ John T. Murray*
>Counsel for Defendant